**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAFET LOPEZ,** | : | **Civil Action No.** |
| **PO Box 28** | : | |
| **San Lorenzo, PR 00754** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **ALLENTOWN SCHOOL DISTRICT** | : | |
| **106 N 17th Street** | : | |
| **Allentown, PA 18102** | : | |
| | : | |
| **31 S Penn Street** | : | |
| **Allentown, PA 18102** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Jafet Lopez (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Allentown School District (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Allentown School District is a school district with

a location at 106 N 17th Street, Allentown, PA 18102 and corporate headquarters located at 31 S Penn Street, Allentown, PA 18102.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

<u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2023-06603 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 25, 2024.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On or around April 29, 2022, Defendant hired Plaintiff in the position of English as a Second Language ("ESOL") Push-In Support Teacher at William Allen High School.

21. Plaintiff was well qualified for his position and performed well.

22. Plaintiff has the serious medical conditions of rheumatoid arthritis and osteoarthritis.

23. Rheumatoid arthritis and osteoarthritis are medical conditions considered to be disabilities under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

24. The major life activities affected by rheumatoid arthritis and osteoarthritis include, but are not limited to, walking, standing and performing manual tasks.

25. Plaintiff had to walk very long distances in four (4) different buildings (some had three (3) floors and others had four (4) floors) in order to attend his classrooms to perform his job duties.

26. On December 1, 2022, Plaintiff was examined by Dr. Kelly D. Miller, Rheumatologist.

27. Dr. Miller wrote Plaintiff a letter requesting reasonable accommodations for his disabilities in regards to his mobility.

28. On December 2, 2022, Plaintiff submitted Dr. Miller's letter to Cheryl Clark, Principal of William Allen High School.

29. Clark informed Plaintiff that she would look into what could be done to accommodate Plaintiff.

30. However, Defendant did not provide Plaintiff with his requested reasonable accommodations.

31. On December 22, 2022, Plaintiff emailed Clark requesting the reasonable accommodations regarding his mobility in and out of the Annex building by switching duties with Alexander Beaird, Teacher, for the periods he is in the Annex should the elevator break down in the Annex and leaving the Annex building a minute or two (2) before the students leave or a minute or two (2) after to avoid the traffic that forms between the library and the Annex building.

32. On December 29, 2022, Clark informed Plaintiff that she had reached out to Human Resources regarding his accommodation requests and that she would notify him of Human Resources' response.

33. On January 11, 2022, Plaintiff contacted Clark requesting an update on the status of his accommodation request.

34. However, Defendant did not provide Plaintiff with his reasonable accommodation request.

35. As a result of not receiving his reasonable accommodation, the symptoms of Plaintiff's disabilities became exacerbated.

36. Due to his exacerbated symptoms, Plaintiff applied for Intermittent Family and Medical Act ("FMLA") leave due to his disabilities.

37. Dr. Miller completed Plaintiff's Healthcare Provider Certification as part of his application for FMLA leave.

38. Defendant approved Plaintiff's Request for Intermittent FMLA leave.

39. In or around February 2023, Frank Derrick replaced Cheryl Clark as the Principal of William Allen High School.

40. Derrick did not follow up with Plaintiff regarding his accommodation request when he became Principal.

41. Plaintiff emailed Brandy Sawyer and Randy Buck, assistants to Carol Birks, Superintendent, regarding Defendant's failure to accommodate him.

42. However, there was no meeting or follow-up after Plaintiff's email.

43. On May 24, 2023, Plaintiff emailed Derrick regarding his accommodation request and provided a copy of Dr. Miller's letter placing him on the medical restrictions of limited mobility.

44. However, Derrick did not address Plaintiff's request for a reasonable accommodation stating that it was based on students' needs.

45. Defendant continued to refuse to accommodation Plaintiff's restriction of limited mobility.

46. On June 23, 2023, Plaintiff was forced to submit his resignation letter due to Defendant's refusal to accommodate Plaintiff.

47. Plaintiff was constructively discharged.

48. It is Plaintiff's position that Defendant discriminated against him due to his disability and refused to accommodate Plaintiff

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by

Defendant and its agents as being disabled.

51. Plaintiff was qualified to perform the job.

52. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

53. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

54. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

55. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

56. The purported reason for Defendant's decision is pretextual.

57. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

58. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

59. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

60. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

63. Plaintiff was qualified to perform the job.

64. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

65. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

66. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

67. Plaintiff's disability motivated Defendant's decision to constructively discharge Plaintiff.

68. The purported reason for Defendant's decision is pretextual.

69. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

70. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

71. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jafet Lopez, requests that the Court grant him the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: October 23, 2024      **By:**  */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*